## 61486. FINCH v. SUMMERTREE CONDOMINIUM ASSOCIATION, INC.

DEEN, Presiding Judge.

1. Code § 85-1622b (a part of the Apartment Ownership Act, Ga. L. 1963 p. 561 as amended) specifies that a grantee of an apartment coming within the act who has acquired it by voluntary conveyance is jointly liable with the grantor for all unpaid assessments for common expenses up to the time of the execution of the deed. Code § 85-1621b (b) carves out an exception in the case of foreclosure of a deed to secure debt, the purchaser in such case being liable only for after accruing common expenses. The Condominium Declaration, however, while containing language substantially identical with Code § 85-1621b, adds to the statutory intent of Code § 85-1621b the italicized portion of the following: "Any person who becomes the owner of a unit as purchaser at a judicial or foreclosure sale conducted with respect to a first mortgage *or pursuant to any proceeding in lieu of the foreclosure of a first mortgage* shall be liable only for assessments coming due after the date such person so acquires title to his unit."

The condominium here involved was subject to back taxes, overdue mortgage installment payments, and unpaid monthly assessments of the appellee Summertree Condominium Association, Inc. for maintenance expenses. The defendant Finch purchased the property from the delinquent owners for a recited consideration of $10.00 and other valuable considerations, paid the back taxes and loan installments, and tendered to Summertree the current monthly assessments, but refused to pay back assessments due from the former owners on the ground that he had purchased the property "pursuant to a proceeding in lieu of foreclosure." This contention is supported only by his testimony to the effect that he paid the mortgagee $2,317.76 by a check marked "for assumption of loan Summertree Condominiums" which included attorney fees for "taking it out of foreclosure." At another point he referred to the date of purchase as being prior to advertising. Whether a foreclosure proceeding had actually been initiated by the mortgagee is unclear and irrelevant, as we do not find the purchase arose from any proceeding in lieu of foreclosure. It was a transaction strictly between the owners of the equity in the condominium and the defendant, to which the mortgagee was not a party, and the accompanying warranty deed was indeed a "voluntary conveyance" within the meaning of Code § 85-1622b. A transaction to be in lieu of foreclosure would necessarily involve the mortgagee. The court properly directed a verdict in favor of the appellee.

2. No evidence supports the defendant's counterclaim that he had been subjected by the defendant to continuous harassment since acquiring title to this property.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 16, 1981 —
REHEARING DENIED FEBRUARY 27, 1981 — ▮▮▮▮▮▮▮▮

*A. Guy Smith* for appellant.
*George Finch*, pro se.
*Phillip S. Downer, Richard A. Bacon*, for appellee.